# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTORIA KIRGIN and ROBERT KIRGIN, h/w | ) ) ) | Case Number |
| Plaintiffs, | ) ) | **09     4454** |
| vs. | ) ) | CIVIL COMPLAINT |
| CREDITORS INTERCHANGE RECEIVABLES MANAGEMENT, LLC d/b/a CREDITORS INTERCHANGE d/b/a CI | ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendant. | | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiffs, Victoria Kirgin and Robert Kirgin, h/w, by and through their undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esq. of Warren & Vullings, LLP, complaining of Defendant and respectfully aver as follows:

## I.     INTRODUCTORY STATEMENT

1.     Plaintiffs, Victoria Kirgin and Robert Kirgin, h/w (hereinafter "Plaintiffs"), an individual consumer, brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and various other state laws, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II.    JURISDICTION

2.      Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3.      Venue in this District is proper in that the Defendant transacts business here and Plaintiffs reside in this District.

## III.    PARTIES

4.      Plaintiffs, Victoria Kirgin and Robert Kirgin, h/w ("Plaintiffs") are adult natural persons residing at 3647 Friar Road, Philadelphia, PA  19154.

5.      Defendant, Creditors Interchange Receivables Management, LLC d/b/a Creditors Interchange d/b/a CI ("Defendant"), at all times relevant hereto, is and was a Corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania with its principal place of business located at 80 Holtz Drive, Buffalo, NY 14225.

6.      Defendant is engaged in the collection of debts from consumers using the mail and telephone.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.    FACTUAL ALLEGATIONS

7.      On or about September 19, 2009, Defendant's agent, Mr. Gellan, called

Plaintiffs and left a voicemail message with regard to an alleged consumer debt, namely a WaMu account currently owned by LVNV Funding, LLC.

8.     The aforementioned voicemail indicated that Defendant's agent, Mr. Gellan, was looking for Plaintiff, Victoria Kirgin or Plaintiff, Robert Kirgin, whose name is not on the account nor is he an authorized user.

9.     Defendant's agent, Mr. Gellan, further indicated that the alleged debt had been turned into a case being filed in the county clerk's office.

10.     Defendant's agent, Mr. Gellan, stated that Plaintiffs, Victoria Kirgin and Robert Kirgin had been or would be served a complaint by the local authorities which would demand a court appearance by the Plaintiffs.

11.     Throughout the voicemail, Defendant's agent referred to "you guys" and "either one of you" rather than Plaintiff, Victoria Kirgin, thereby implying that Plaintiff, Robert Kirgin would be responsible for the alleged debt.

12.     Defendant's agent, Mr. Gellan, went on to state that if Plaintiffs did not respond within thirty (30) days, verbally or in writing, Defendant would proceed forward with legal action in order to rectify the situation.

13.     Defendant's agent, Mr. Gellan blatantly and deceptively attempted to twist the meaning the thirty (30) day Validation Rights Notice to threaten and intimidate Plaintiffs and coerce them to pay the alleged debt.

14.     Defendant's agent further stated that if Plaintiffs' wanted to resolve the matter voluntarily outside of court they needed to have the "courage" to contact the "attorneys" there as soon as possible or he would be forced to sign off on a "legal lawsuit".

15.     Defendant has not filed suit against Plaintiff for the alleged debt and has no intention of doing so.

16.     Defendant's agent failed to mini-Miranda the Plaintiff.

17.     The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse suchperson in connection with the collection of a debt.

18.     The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it could not legally take or did not intend to take for the purpose of coercing Plaintiffs to pay the debt.

19.     The Defendant knew or should have known that their actions violated the FDCPA.  Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

20.     At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

21.     At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiffs herein.

22.     As a result of Defendant's conduct, Plaintiffs have sustained actual damages, including, but not limited to, injury to Plaintiffs' reputation, invasion of privacy, damage to Plaintiffs' credit, out-of-pocket expenses, physical, emotional and mental pain

and anguish and pecuniary loss and they will continue to suffer same for an indefinite time in the future, all to their great detriment and loss.

## COUNT ONE – FDCPA.

23.     The above paragraphs are hereby incorporated herein by reference.

24.     At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

25.     The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

   a.     d  Defendant's agent conducted himself in a manner which was harassing, oppressive, or abusive to Plaintiffs;

   b.     d(2)  Defendant's agent used language that was abusive to Plaintiff;

   c.     e  Defendant's agent made false, deceptive and misleading representations to Plaintiffs in the course of attempting to collect the alleged debt;

   d.     e(2)  Defendant's agent mislead the Plaintiffs as to the legal status of the alleged debt;

   e.     e(3)  Defendant's agent implied that the communication was from an attorney;

   f.     e(5)  Defendant's agent threatened Plaintiffs with action that was not intended to be taken;

g.    e(7)  Defendant's agent implied that Plaintiffs had committed conduct that disgraced themselves;

h.    e(10)  Defendant's agent used false representations or deceptive means to attempt to collect the alleged debt from Plaintiffs;

i.    e(11)  Defendant's agent failed to state the mini-Miranda warning to the Plaintiffs;

j.    f  Defendant's agent used unfair and unconscionable means to attempt to collect the alleged debt from Plaintiffs;

**WHEREFORE**, Plaintiffs respectfully request that this court enter judgment in their favor and against Defendant, Creditors Interchange Receivables Management, LLC d/b/a Creditors Interchange d/b/a CI and Order the following relief:

a.    Declaratory judgment that the Defendant's conduct violated the FDCPA;

b.    Actual damages;

c.    Statutory damages pursuant to 15 U.S.C. §1692k;

d.    Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

e.    Such addition and further relief as may be appropriate or that the interests of justice require.


## COUNT TWO – PA FCEUA

26.    Plaintiffs repeat, re-allege and incorporate by reference the foregoing

paragraphs.

27.     The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("PA FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("PA UTPCPL").  Defendant is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

28.     The alleged debt Defendant was attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

29.     The PA FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

30.     The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

31.     Violations of the FDCPA is a per se violation of the PA FCEUA and the PA UTPCPL.

32.     As a direct and proximate result of the said actions, Plaintiffs have suffered financial harm.

33.     By virtue of the violations of the law as aforesaid, and pursuant to the PA FCEUA and PA UTPCPL, Plaintiffs are entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiffs pray this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

a.      Actual damages;

b.      Treble damages;

c.      An award of reasonable attorneys fees and expenses and costs of court; and

d.      Such additional relief as is deemed just and proper, or that the interests of justice require.


## COUNT THREE – PA UTPCPL

34.     The foregoing paragraphs are incorporated herein by reference.

35.     Plaintiffs and Defendant are "Persons" to 73 Pa. C.S § 201-2.

36.     The PA UTPCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

37.     The action of Defendant, as aforesaid, constitutes unfair acts or practices under the PA UTPCPL, by way of the following, inter alia:

a.      Defendant misrepresented to Plaintiffs the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

b.      Defendant engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

c.      Defendant failed to comply with the FDCPA and PA FCEUA which are per se violations of the PA UTPCPL.

38.     As a direct and proximate result of the said actions, Plaintiffs have suffered financial damages and other harm.

39.     By virtue of the violations of law aforesaid and pursuant to the PA UTPCPL, Plaintiffs are entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE** Plaintiffs pray this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

a.      An Order declaring that Defendant violated the PA UTPCPL;

b.      Actual damages;

c.      Treble damages;

d.      An award of reasonable attorney's fees and expenses and cost of suit; and

e.      Such additional relief as is deemed just and proper, or that the interest of justice may require.

## V.     JURY DEMAND

Plaintiffs hereby demand a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

Date:  **September 25, 2009**        BY: **/s/Bruce K. Warren**
                                    BY: **/s/ Brent F. Vullings**
                                    Bruce K. Warren, Esquire
                                    Brent F. Vullings, Esquire
                                    Warren & Vullings, LLP
                                    1603 Rhawn Street
                                    Philadelphia, PA  19111
                                    215-745-9800    Fax 215-745-7880
                                    Attorney for Plaintiff